# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT
# CASE NO. 24-1439

PORTER SMITH,

    Plaintiff/Appellant,

v.

MICHIGAN DEPARTMENT OF CORRECTIONS;
STATE OF MICHIGAN,

    Defendant/Appellee.

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN, CASE NO. 2:20-cv-10421

| | |
|---|---|
| James B. Rasor (P43476) <br> Amanda G. Washburn (P86984) <br> **Rasor Law Firm PLLC** <br> Attorneys for Plaintiff <br> 201 E 4th Street <br> Royal Oak, MI 48067 <br> (248) 543-9000/(248) 543-9050 (fax) <br> jbr@rasorlawfirm.com | Kendell S. Asbenson (P81747) <br> Office of the Attorney General of Michigan <br> Attorneys for Defendant <br> P.O. Box 30217 <br> Lansing, MI 48909 <br> Asbensonk1@michigan.gov |

## APPELLANT'S REPLY BRIEF ON APPEAL

# **TABLE OF CONTENTS**

Index of Authorities……………………………………………………………………..ii

Argument……………………………………………………………………………...1

    I.      The District Court Reversibly Erred as a Matter of Law by Instructing the Jury that they Must Find Sole Causation; Defendant's Brief Provides No Precedent on Point……………………………………………...................1

    II.     The Accuracy of Plaintiff's Damages Chart is Only One Considered Factor, and Goes to Weight, Not Admissibility…………………………..4

    III.    While the Jury Did Not Reach the Question of Whether Plaintiff's Rejection of Reinstatement was Reasonable, the District Court Will Need Guidance on the Issue Upon Remand………………………………….5

    IV.    MDOC Failed to Accommodate Plaintiff, the District Court's Decision to Dismiss Said Claim Must be Reversed………………………………..6

    V.     Plaintiff's Other Acts Evidence Should Have Been Admitted Where the Reasonableness of his Rejection of Offers of Reinstatement was at Issue and the Testimony Was Relevant as to his Fear of Retaliation Upon Reinstatement……………………………………………………………9

Conclusion……………………………………………………………..………11

Certificate of Compliance with Rule 32(a)…………………………………...12

# **INDEX OF AUTHORITIES**

Cases:

*Bent-Crumbley v. Brennan*,
    799 Fed. Appx. 342, 344 (6th Cir. 2020)……………………………….………1

*Dews v. A.B. Dick Co.,*
    231 F.3d 1016 (6th Cir. 2000)……………………………………………….…7

*Huddleston v. United States*,
    485 U.S. 681, 688-89 (1988)……………………………………………….…10

*Keith v. County of Oakland*,
    703 F.3d 918, 926 (6th Cir. 2013)……………………………………...…….7

*Kiphart v. Saturn Corp.*,
    251 F.3d 573, 584 (6th Cir. 2001)……………………………………………7

*Kirilenko-Ison v. Bd. Of Educ. Of Danville Indep. Sch.*,
    974 F.3d 652, 665 (6th Cir. 2020)……………………………………………1

*Lewis v. Humbolt Acquisition Corp,*
    681 F.3d 312, 315-16 (6th Cir. 2012)……………………………………..2

*Mosby-Meachem v. Memphis Light, Gas & Water Div.*,
    883 F.3d 595, 603 (6th Cir. 2018)……………………………………..…….7

*Sprint/United Management Co. v. Mendelsohn*,
    128 S.Ct. 1140, 1147 (2008)……………………………………...………10

*United States v. Modena,*
    302 F.3d 626, 633 (6th Cir. 2002)……………………………...…………..4

*Wexler v White's Fine Furniture, Inc,*
    317 F.3d 564, 575 (6th Cir. 2003)……………………………………………7

Statutes, Rules, and Other:

29 U.S.C. § 794…………………………………………………………………….1

42 U.S.C § 12111(8)……………………………………………………………..7

42 U.S.C § 12111(9)……………………………………………………………..7

Fed. R. Evid. 1006(a)……………………………………………………………4

## Argument

Plaintiff-Appellant files the following Reply Brief to address various issues, both legal and factual, misconstrued in Appellee's Brief. Plaintiff-Appellant otherwise relies upon his initial brief in support of his requested relief.

**I.　The District Court Reversibly Erred as a Matter of Law by Instructing the Jury that they Must Find Sole Causation; Defendant's Brief Provides No Precedent on Point.**

Defendant's brief fails to cite any case that would support the proposition that a claim of retaliation under the Rehabilitation Act requires sole causation. Defendant's argument in this regard misleadingly begins with a citation to the discrimination section of the Rehabilitation Act, 29 U.S.C. § 794, not the applicable retaliation provision. The first case cited by Defendant is also not clear on this issue. Defendant cites *Kirilenko-Ison v. Bd. Of Educ. Of Danville Indep. Sch.*, 974 F.3d 652, 665 (6th Cir. 2020), but that case concludes the causation section by stating, "[T]he burden of proof at the prima facie stage is minimal; all the plaintiff must do is put forth some credible evidence that enables the court to deduce that there is **a** causal connection between the retaliatory action and the protected activity." (internal citation omitted, emphasis added). Likewise, the second case cited by Defendant, *Bent-Crumbley v. Brennan*, 799 Fed. Appx. 342, 344 (6th Cir. 2020) also talks about sole causation in relation to <u>discrimination</u> claims under the Rehabilitation Act.

1

The third case cited in support of Defendant's contention is also a discrimination claim, not a retaliation claim: *Lewis v. Humbolt Acquisition Corp,* 681 F.3d 312, 315-16 (6th Cir. 2012)(en banc). The fourth and final case Defendant cites in support of its argument is *Dunninig v. War Mem'l Hosp.*, 534 F.App'x 326, 334 (6th Cir. 2013), which is yet another discrimination claim, not a retaliation claim.

As described in Plaintiff's initial brief, there is a distinction between the discrimination and retaliation provisions in the Rehabilitation Act in that, only the discrimination section provides for a sole cause standard. Because the Rehabilitation Act explicitly incorporates the Americans with Disabilities Act's standards of evaluation, the ADA should be looked to for interpretation of the causation standard in retaliation cases.

As Plaintiff described in his initial brief, while the Rehabilitation Act, Section 504(a) states that no person, "solely" by reason of his or her disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program…, this section does not prohibit retaliation.  Retaliation is barred because of the following Code of Federal Regulations section:

29 CFR § 33.13 - Intimidation and retaliation prohibited.

§ 33.13 Intimidation and retaliation prohibited.

No person may discharge, intimidate, retaliate, threaten, coerce or otherwise discriminate against any person **because** such person has

2

filed a complaint, furnished information, assisted or participated in any manner in an investigation, review, hearing or any other activity related to the administration of, or exercise of authority under, or privilege secured by section 504 and the regulations in this part. (Emphasis Added).

Regardless, Section (d) specifically requires that the Americans with Disabilities Act standards be applied, which also contains a proximate cause standard, but not a sole proximate cause standard:

d) Standards used in determining violation of section

The standards used to determine whether this section has been violated in a complaint alleging employment discrimination under this section shall be the standards applied under title I of the Americans with Disabilities Act of 1990 (42 U.S.C. 12111 et seq.) and the provisions of sections 501 through 504, and 510, of the Americans with Disabilities Act of 1990 (42 U.S.C. 12201-12204 and 12210), as such sections related to employment.

This action presents an opportunity for this Circuit to clarify this specific issue. The erroneous decision below did not result in harmless error; it made a palpable difference in the outcome in terms of the heightened standard the jury had to find when determining liability. There was a high likelihood that this was a substantial consideration by the jury that affected the outcome. Thus, the District Court's error should be reversed, and this action should be remanded for a new trial.

3

## II. The Accuracy of Plaintiff's Damages Chart is Only One Considered Factor, and Goes to Weight, Not Admissibility.

Defendant asserts that Plaintiff's chart was inadmissible due to issues it takes with accuracy. Fed. R. Evid. 1006(a) states: "court may admit as evidence a summary, chart, or calculation offered to prove the content of voluminous admissible writings, recordings, or photographs that cannot be conveniently examined in court, whether or not they have been introduced into evidence."

This Court has interpreted this rule to impose five requirements:

> (1) the underlying documents must be so voluminous that they cannot be conveniently examined in court, (2) the proponent of the summary must have made the documents available for examination or copying at a reasonable time and place, (3) the underlying documents must be admissible in evidence, (4) the summary must be accurate and nonprejudicial, and (5) the summary must be properly introduced through the testimony of a witness who supervised its preparation.

*United States v. Modena*, 302 F.3d 626, 633 (6th Cir. 2002).

Defendant takes issue with the inclusion of the year 2017 in the chart and disputes the pay rate of a position Plaintiff worked in 2021. Otherwise, there is no evidence that the bulk of the chart was alleged to be inaccurate. Defendant had the opportunity to crow-examine Plaintiff about his wage losses and mitigation thoroughly. As such, because the chart was shown to be substantially accurate based on the voluminous tax and income records from which it was based upon, accuracy

4

was not a reason to exclude the evidence. Moreover, any small inaccuracies would have gone to the weight of the evidence and credibility, not its admissibility.

As to the other factors, Plaintiff explained in his initial brief that this chart summarized volumes of documents representing tax records, wage records, and records relating to his mitigation attempts. Second, these underlying records were provided to the Defendant in litigation. Third, the District Court found that the underlying evidence was admissible. (Trial Tr. 4.11.24, RE 95, Page ID # 2712). Fourth, accuracy is discussed above. Finally, the chart was attempted to be introduced through the testimony of the Plaintiff, who testified that he used his tax returns to establish the amounts therein in conjunction with his estimated future income would be at his current job. *Id*. at 2650-2651. Therefore, Plaintiff met the elements necessary for the District Court to admit the chart into evidence, and should be reversed.

### III. While the Jury Did Not Reach the Question of Whether Plaintiff's Rejection of Reinstatement was Reasonable, the District Court Will Need Guidance on the Issue Upon Remand.

Defendant's main argument as to the inclusion of the word "unconditional" in the jury instructions and verdict form is that it was harmless error because the jury did not reach the question. Defendant also erroneously claims that the offer was unconditional.

First, this Court should correct the District Court's error because, upon remand, the District Court will commit the same error, and further appealable issues could result. Second, Defendant's offer of reinstatement "at the facility of his choice" was conditioned on its terms to a limitation of this choice based on availability. Thus, a condition of being able to be reinstated at a facility of his choice was in fact conditional on the availability of a position at whatever facility he would have chosen.

As such, by the offer's own terms, it was conditional, and the District Court provided the Jury with an erroneous instruction and verdict form question. On remand, the District Court must be instructed to correct this error in order to avoid further reversible error.

### IV.  MDOC Failed to Accommodate Plaintiff, the District Court's Decision to Dismiss Said Claim Must be Reversed.

**Defendant Does Not Address the Fact that Plaintiff was Qualified for the Position He Held in Transitional Employment, Instead, Defendant Only Analyzes His Qualifications as a Fully Duty Corrections Officer.**

Defendant's arguments rest on two erroneous arguments, both of which Plaintiff raised a genuine question of fact about. First, that Plaintiff was not "otherwise qualified" as a fully duty corrections officer, and second, that "a vacant, funded" position was not shown to be available. To be "otherwise qualified" for a job under the ADA, the employee bears the burden of showing he can perform the "essential functions" of the "**employment position that such individual holds or**

6

**desires**", with or without accommodation. 42 U.S.C § 12111(8)(emphasis added). Critically, 42 U.S.C § 12111(9) defines "reasonable accommodation" as including "<u>job restructuring, part-time or modified work schedules, [and] reassignment to a vacant position</u>." To be "considered qualified for a position an employee must demonstrate that he or she was meeting the employer's legitimate expectations and was performing to the employer's satisfaction." *Dews v. A.B. Dick Co.,* 231 F.3d 1016 (6th Cir. 2000). In determining qualifications, "courts traditionally treat explanations that rely heavily on subjective considerations with caution," because "an employer's asserted strong reliance on subjective feelings about [an employee] may mask discrimination." *Wexler v White's Fine Furniture, Inc,* 317 F.3d 564, 575 (6th Cir. 2003).

Importantly, whether a job function is essential is a question of fact that is typically not suitable for resolution on a motion for summary judgment. *Keith v. County of Oakland*, 703 F.3d 918, 926 (6th Cir. 2013). A job function is considered essential "if its removal would fundamentally alter the position." *Mosby-Meachem v. Memphis Light, Gas & Water Div.*, 883 F.3d 595, 603 (6th Cir. 2018) (quoting *Kiphart v. Saturn Corp.*, 251 F.3d 573, 584 (6th Cir. 2001)).

Here, Plaintiff showed that "with a reasonable accommodation" (continuing to work in his transitional employment assignment) he "was otherwise qualified for the position" with LTO Felder. This follows exactly what is contemplated as an

7

assignment to a vacant, existing position. The testimony from the human resources employee, Elaine Davis, and the supervisor, LTO Felder, both confirmed that Plaintiff's help was needed and wanted in that role. Defendant did not have to create a position that was unnecessary, nor was any evidence produced to show that this cost MDOC any money. Thus, Plaintiff successfully raised a question of fact as to his being "otherwise qualified" and as to the reasonableness of his requested accommodation in this available position.

Indeed, Plaintiff presented evidence that the true reason that there was no evaluation of the ability to continue to accommodate him in transitional employment was discriminatory on its face. Elaine Davis testified that continuing his assignment would "set up precedents going over that time." (RE 25-5, Page ID # 184). This shows that MDOC had a discriminatory attitude towards accommodating Plaintiff and the effect it would have on other corrections officers who may seek accommodations in the future – that is, facility politics and preconceived bias about disabled employees informed the decision-making process.

Moreover, Defendant's six-month light duty entitlement policy is not part of any written policy, and Plaintiff's so-called entitlement had been extended previously. (Emails Regarding Accommodation, RE 25-3, Page ID # # 159-165). According to Joanne Bridgford, MDOC's then-ADA Coordinator in Lansing, there is no set amount of time that an employee can be on transitional employment. While

MDOC will sometimes use a six-month period, since "each accommodation is looked at on a case-by-case basis," there are various factors that should be considered in extending the transitional employment assignment beyond six months. (Trial Tr. 4-3-24, RE 102, Page ID # 3365).

Defendant's argument that Plaintiff was unqualified for the mere fact that he could not perform the essential functions of a full duty corrections officer has no basis in law, as evidenced by its lack of precedential support. Defendant's only contention is that the ability to restrain an inmate is essential. But Defendant did not explain that while working in his transitional employment, Plaintiff was not encountering inmates whatsoever. As such, their argument holds no weight.

As such, the District Court reversibly erred in granting Defendant's motion for summary judgment. Thus, Plaintiff respectfully requests that this Honorable Court reverses the District Court's order dismissing his failure to accommodate claim and remand this matter for further proceedings.

> **V.     Plaintiff's Other Acts Evidence Should Have Been Admitted Where the Reasonableness of his Rejection of Offers of Reinstatement was at Issue and the Testimony Was Relevant as to his Fear of Retaliation Upon Reinstatement.**

At Trial, the Jury was charged with determining the reasonableness of Plaintiff's rejection of Defendant's offer of reinstatement. Plaintiff, being that he was aware of and concerned about retaliation for filing suit upon his reinstatement, rejected the offer (which was presented years into the litigation) and sought to

introduce evidence that other corrections officers faced retaliation after they too had participated in litigation against these Defendants.

Defendant continues to argue that counsel's goal was "character assassination," rather than presenting probative evidence that informed the Plaintiff's rejection of the offer of reinstatement. The Supreme Court contemplates allowing this type of evidence based on "many factors, including how closely related the evidence is to the plaintiff's circumstances and theory of the case." *Sprint/United Management Co. v. Mendelsohn*, 128 S.Ct. 1140, 1147 (2008).

The circumstances of the case and the underlying theories are closely related here. The evidence involved MDOC corrections officers who either exposed discriminatory impact, filed a discrimination lawsuit or participated in a discrimination lawsuit by providing testimony, and thereafter faced retaliation by MDOC. This closely relates to the theory Plaintiff attempted to present: that he reasonably rejected the offer of reinstatement out of fear of retaliation. Without that evidence, the Jury lacked significant information that makes Plaintiff's assertion more likely.

As the Supreme Court emphasized in *Huddleston v. United States*, 485 U.S. 681, 688-89 (1988), "Congress was not nearly so concerned with the potential prejudicial effect of 404(b) evidence as it was with ensuring that restrictions would not be placed on the admission of such evidence." Hence, evidence of other acts is

excluded only "when that evidence is offered ***solely*** to prove character." *Id*. (emphasis added).

Here, Plaintiff did not offer the evidence to prove character. The evidence was offered to show the reasonableness of the rejection of the offer of reemployment he received during litigation. This issue was before the Jury to decide, and as a result, the failure to allow Plaintiff to fully inform them of information that went into his decision-making process was reversible error.

## **CONCLUSION**

For the foregoing reasons, Plaintiff-Appellant respectfully requests this Honorable Court to overturn the District Court's Order granting Defendant's summary judgment, set aside the judgment and remand the case back to the District Court for a new trial as to both Plaintiff's claims of failure to accommodate and retaliation.

        Respectfully Submitted,

        RASOR LAW FIRM, PLLC

        */s/ James B. Rasor*
        James B. Rasor (P43476)
        Attorney for Plaintiff-Appellant
        201 E. 4th Street
        Royal Oak, MI 48067
        jbr@rasorlawfirm.com

Dated: December 3, 2024

## Certificate of Compliance with Rule 32(a)

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B)(ii) because the Brief contains 2,612 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f). This brief complies with the typeface requirements of Fed. R. App. 32(a)(5) as it is in 14-point Times New Roman font and the type-style requirements of Fed. R. App. 32(a)(6).

## PROOF OF SERVICE

The undersigned certified that a copy of the foregoing instrument was delivered to each of the attorneys of record and/or unrepresented and/or interested parties on **December 3, 2024,** at their respective addresses as disclosed in the pleadings on record in this matter by:

- ☐ US First Class Mail
- ☐ Hand Delivery
- ☐ Fed Ex
- ☐ Facsimile Transmission
- ☐ UPS
- ■ Other: Efiling

*/s/ Amanda Washburn*