No. 24-1439

In the
UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

PORTER SMITH,

    Plaintiff-Appellant,

v.

MICHIGAN DEPARTMENT OF CORRECTIONS and
STATE OF MICHIGAN,

    Defendants-Appellees.

Appeal from the United States District Court
Eastern District of Michigan, Southern Division
Honorable Linda V. Parker

**SUPPLEMENTAL BRIEF OF DEFENDANTS-APPELLEES MICHIGAN DEPARTMENT OF CORRECTIONS AND STATE OF MICHIGAN**

                                     Kendell S. Asbenson
                                     Assistant Attorney General
                                     Counsel of Record
                                     Attorney for Defendants-Appellees
                                     Corrections Division Employment
                                     Section
                                     P.O. Box 30217
                                     Lansing, MI 48909
                                     (517) 335-3055

Dated: January 24, 2025

## TABLE OF CONTENTS

Page

Table of Authorities ............................................................................... iii

Statement of Issues Presented ................................................................. v

Argument ................................................................................................ 1

I.　The Rehabilitation Act does not provide a cause of action for retaliation. .................................................................................... 1

Certificate of Compliance ..................................................................... 10

Certificate of Service ............................................................................ 11

# TABLE OF AUTHORITIES

Page

**Cases**

*A.C. ex rel. J.C. v. Shelby County Board of Education,*
  711 F.3d 687 (6th Cir. 2013) ............................................................. 2, 3

*Alexander v. Sandoval,*
  532 U.S. 275 (2001) ................................................................................ 6

*Barnes v. Gorman,*
  536 U.S. 181 (2002) ................................................................................ 4

*Cummings v. Premier Rehab Keller, P.L.L.C.,*
  596 U.S. 212 (2022) ....................................................................... 4, 5, 8

*Gomez-Perez v. Potter,*
  553 U.S. 474 (2008) ............................................................................ 5, 7

*Jackson v. Birmingham Bd. of Educ.,*
  544 U.S. 167 (2005) ............................................................................ 6, 7

*Lewis v. Humboldt Acquisition Corp,*
  681 F.3d 312 (6th Cir. 2012) .................................................................. 8

*Pennhurst State Sch. & Hosp. v. Halderman,*
  451 U.S. 1 (1981) ..................................................................................... 4

*Touche Ross & Co. v. Redington,*
  442 U.S. 560 (1979) ................................................................................ 6

*United States v. Butler,*
  297 U.S. 1 (1936) ..................................................................................... 7

*Wilbanks v. Ypsilanti Community Schools,*
  742 F. App'x 84 (6th Cir. 2018) ......................................................... 2, 3

*Ziglar v. Abbasi,*
  582 U.S. 120 (2017) ............................................................................ 5, 6

## Statutes

20 U.S.C. § 1681 ............................................................................................... 7

29 U.S.C. § 158 ................................................................................................. 1

29 U.S.C. § 215 ................................................................................................. 1

29 U.S.C. § 2615 ............................................................................................... 1

29 U.S.C. § 623 ................................................................................................. 1

29 U.S.C. § 794 ......................................................................................... 1, 6, 8

29 U.S.C. § 794a ............................................................................................ 2, 5

29 U.S.C. § 633a .............................................................................................. 7

42 U.S.C. § 12203 ............................................................................................. 1

42 U.S.C. § 2000e-3 .......................................................................................... 1

## Regulations

29 C.F.R. § 33.13 ......................................................................................... 2, 3, 5

34 C.F.R. § 100.1 .............................................................................................. 3

34 C.F.R. § 100.7 ........................................................................................... 3, 5

## STATEMENT OF ISSUES PRESENTED

1. Whether and how the Rehabilitation Act provides a cause of action for retaliation?

# ARGUMENT

## I. The Rehabilitation Act does not provide a cause of action for retaliation.

This Court has asked whether and how the Rehabilitation Act (Rehab Act) provides a cause of action for retaliation. The answer to this question is "no" for two reasons. First, this case is distinguishable from those in which this Court has read a retaliation provision into Section 504 based on federal regulations not relevant here. Second, Section 504 itself is silent as to retaliation, and its "sole cause" language counsels against reading an implied cause of action into the statute.

Section 504 of the Rehab Act provides as follows:

> No otherwise qualified individual with a disability in the United States, as defined in section 705(20) of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . .

29 U.S.C. § 794(a). This provision, unlike many other civil rights statutes, does not contain an express prohibition of retaliation. *Compare* 29 U.S.C. § 794(a), *with* 42 U.S.C. § 2000e-3(a); 29 U.S.C. § 623(d); 42 U.S.C. §§ 12203(a)–(b); 29 U.S.C. § 2615; 29 U.S.C. § 158(a)(4); and 29 U.S.C. § 215(a)(3). Despite this silence, this Court has

1

stated at least two different grounds for a retaliation claim under the Rehab Act.

The first ground was referenced in *A.C. ex rel. J.C. v. Shelby County Board of Education*, 711 F.3d 687 (6th Cir. 2013). There, the Sixth Circuit noted that "Section 504 prohibit[s] retaliation," in doing so, cited in support 29 C.F.R. § 33.13, a regulation that applies "to all programs or activities conducted by the Department of Labor." *Shelby Cnty.*, 711 F.3d. at 697. That regulation provides: "No person may discharge, intimidate, retaliate, threaten, coerce or otherwise discriminate against any person because such person has filed a complaint, furnished information, assisted or participated in any manner in an investigation, review, hearing or any other activity related to the administration of, or exercise of authority under, or privilege secured by section 504 and the regulations in this part." 29 C.F.R. § 33.13.

The second ground was discussed in *Wilbanks v. Ypsilanti Community Schools*, 742 F. App'x 84, 86 (6th Cir. 2018). In *Wilbanks*, this Court relied on 29 U.S.C. § 794a(a)(2), which incorporates "[t]he remedies, procedures, and rights set forth in Title VI of the Civil Rights

Act of 1964." *Wilbanks*, 742 F. App'x at 86. But instead of citing 29 C.F.R § 33.13 for the anti-retaliation provision, *Wilbanks* cites 34 C.F.R. § 100.7 (e). *Wilbanks*, 742 F. App'x at 86–87. This latter regulation is found in a section that applies to "any program or activity receiving Federal financial assistance from the Department of Education." 34 C.F.R. § 100.1. This regulation provides: "No recipient or other person shall intimidate, threaten, coerce, or discriminate against any individual for the purpose of interfering with any right or privilege secured by section 601 of the Act or this part, or because he has made a complaint, testified, assisted, or participated in any manner in an investigation, proceeding or hearing under this part." 34 C.F.R. § 100.7.

Neither 29 C.F.R. § 33.13 nor 34 C.F.R. § 100.1 is applicable here. This case does not arise from a program or activity "conducted by the Department of Labor," 29 C.F.R. § 33.13, or one "receiving Federal financial assistance from the Department of Education," 34 C.F.R. § 100.7. *Shelby Cnty.* and *Wilbanks* are therefore inapposite here.

The text of Section 504 confirms that there is no cause of action for retaliation. The Supreme Court has recently stated that, "[a]lthough it is 'beyond dispute that private individuals may sue to

3

enforce' the [Rehab Act and the Affordable Care Act], 'it is less clear what remedies are available in such a suit.' " *Cummings v. Premier Rehab Keller, P.L.L.C.*, 596 U.S. 212, 218 (2022) (quoting *Barnes v. Gorman*, 536 U.S. 181, 185 (2002)). The Court continued by finding that it has regularly applied a " 'contract-law analogy in cases defining the scope of conduct for which funding recipients may be held liable for money damages.' " *Id.* at 219 (quoting *Barnes*, 536 U.S. at 186); *see also id.* at 219 ("[T]he 'legitimacy of Congress' power' to enact such laws rests not on its sovereign authority, but on 'whether the [recipient] voluntarily and knowingly accepts the terms of th[at] contract.' ") (quoting *Barnes*, 536 U.S. at 186). And " '[a]ccordingly, if Congress intends to impose a condition on the grant of federal moneys, it must do so unambiguously.' " *Id.* (quoting *Pennhurst State Sch. & Hosp. v. Halderman*, 451 U.S. 1, 17 (1981). The Supreme Court then went on to state that "[b]ecause the statutes at issue are silent as to available remedies, it is not obvious how to decide whether funding recipients would have had the requisite 'clear notice regarding the liability at issue in this case.' " *Cummings*, 596 U.S. at 220.

The Rehab Act itself is also silent regarding a cause of action for retaliation. Nor does Title VI, as incorporated by 29 U.S.C. § 794a(a)(2), contain an express retaliation provision. As articulated in *Cummings*, " 'if Congress intends to impose a condition on the grant of federal moneys, it must do so unambiguously.' " 596 U.S. at 220 (citation omitted); *see also Ziglar v. Abbasi*, 582 U.S. 120, 133 (2017) ("It is logical . . . to assume that Congress will be explicit if it intends to create a private cause of action."). Even if 29 C.F.R § 33.13 or 34 C.F.R. § 100.7 (e) were applicable here, neither provision was imposed by Congress and under the reasoning of *Cummings* cannot create new causes of actions beyond that which exists in Section 504.

Because Section 504 can be the only basis for a cause of action under the Rehab Act, the issue then becomes whether Section 504 creates a cause of action for retaliation. Although the Supreme Court has held that certain anti-discrimination provisions include prohibitions against retaliation based on their plain language, *see Gomez-Perez v. Potter*, 553 U.S. 474, 479 (2008) (holding that the statutory phrase found in the federal-sector provision of the Age Discrimination in Employment Act provides that " 'discrimination based on age' includes

5

retaliation based on the filing of an age discrimination complaint"); *Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 173 (2005) (holding that "[r]etaliation against a person because that person has complained of sex discrimination is another form of intentional sex discrimination encompassed by Title IX's private cause of action"), it has also explained that "when deciding whether to recognize an implied cause of action, the 'determinative' question is one of statutory intent." *Ziglar*, 582 U.S. at 133 (citing *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001)). This Court is therefore " 'limited solely to determining whether Congress intended to create a private right of action asserted.' " *Id.* (quoting *Touche Ross & Co. v. Redington*, 442 U.S. 560, 568 (1979)). "If the statute does not itself so provide, a private cause of action will not be created through judicial mandate." *Id.* (citation omitted).

The statutory language in question under the Rehab Act is this: "No otherwise qualified individual with a disability" "shall, solely by reason of her or his disability . . . be subjected to discrimination." 29 U.S.C. § 794. And the key question is does this language create a cause of action for retaliation. The language at issue in *Jackson* was: "No person" "shall, on the basis of sex . . . be subjected to discrimination[.]"

20 U.S.C. § 1681(a); *Jackson*, 544 U.S. at 173. And in *Gomez-Perez*, the language at issue was: "[a]ll personnel actions affecting employees or applicants for employment who are at least 40 years of age . . . shall be made free from any discrimination based on age." 29 U.S.C. § 633a(a); *Gomez-Perez*, 553 U.S. at 479. Neither *Jackson* nor *Gomez-Perez* addressed a statute containing the word "solely."

The word "solely" is not surplusage. It is a foundational principle of judicial interpretation that "courts must . . . lean in favor of a construction which will render every word operative, rather than one which may make some idle and nugatory." Thomas M. Cooley, *A Treatise on the Constitutional Limitations Which Rest upon the Legislative Power of the States of the American Union* 58 (1868); *see also United States v. Butler*, 297 U.S. 1, 65 (1936) ("words cannot be meaningless, else they would not have been used.") At times "lawyers will seek to have a crucially important word ignored – such as *only, solely*, or *exclusively*[,]" but this should not be the case. Antonin Scalia and Bryan Garner, *Reading Law* (2012).

This circuit has placed significance on the word "solely" as it appears in the Rehab Act. *Lewis v. Humboldt Acquisition Corp*, 681

F.3d 312, 317 (6th Cir. 2012) (en banc) ("The sole-cause standard in the end is a creature of the Rehab[ ] Act . . . ."). Accordingly, this means that any claim brought under Section 504 must be shown using the "sole-cause" causation standard, that is: "[t]he only cause that, from a legal viewpoint, produces an event or injury." Sole Cause, Black's Law Dictionary (12th ed. 2024).

Alternatively, the use of the word "solely" in Section 504 mandates that the only cause of action provided under the Rehab Act is one for discrimination because it mandates that no person "shall, solely by reason of her or his disability . . . be subjected to discrimination." 29 U.S.C. § 794. This means, that unlike in *Jackson* or *Gomez-Perez* where the Supreme Court found that a plaintiff had a cause of action if they filed a complaint on the "basis of sex" or "based on age," "solely by reason of her or his disability" means just that, that the only cause of action available to a plaintiff under the Rehab Act is for discrimination based *solely* on disability and nothing else, not even making a complaint. To hold otherwise would be inconsistent with the Supreme Court's holding in *Cummings* that: " 'if Congress intends to impose a

8

condition on the grant of federal moneys, it must do so unambiguously.'" 596 U.S. at 220.

For the reasons stated above, the trial court should be affirmed, or in the alternative, the case should be dismissed on the grounds that the Rehab Act provides no cause of action for retaliation and this Court does not have jurisdiction to address a case where there is no cause of action.

Respectfully submitted,

/s/ Kendell S. Asbenson
Kendell S. Asbenson
Assistant Attorney General
Counsel of Record
Attorney for Defendants-Appellees
Corrections Division Employment
Section
P.O. Box 30217
Lansing, MI 48909
(517) 335-3055

Dated: January 24, 2025

# CERTIFICATE OF COMPLIANCE

Certificate of Compliance with Type-Volume Limit,
Typeface Requirements, and Type Style Requirements

1.　This brief complies with this Court's briefing letter dated January 13, 2025 because it is nine pages long and does not exceed the fifteen page limit.

2.　This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Word 365 in 14-point Century Schoolbook.

/s/ Kendell S. Asbenson
Kendell S. Asbenson
Assistant Attorney General
Counsel of Record
Attorney for Defendants-
Appellees
Corrections Division
Employment Section
P.O. Box 30217
Lansing, MI 48909
(517) 335-3055

## CERTIFICATE OF SERVICE

I certify that on January 24, 2025, the foregoing document was served on all parties or their counsel of record through the CM/ECF system.

/s/ Kendell S. Asbenson
Kendell S. Asbenson
Assistant Attorney General
Counsel of Record
Attorney for Defendants-Appellees
Corrections Division
Employment Section
P.O. Box 30217
Lansing, MI 48909
(517) 335-3055